IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:24-18 |
| | ) | |
| LADALE COLES, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Defendant's Motion (Doc. 39) to Dismiss his Indictment under 18 U.S.C. § 922(g)(1) based on Bruen and Range will be denied. As this Court has observed, the ruling in Range was, by its own terms, "a narrow one." Range v. Att'y Gen., 124 F.4th 218, 232 (3d Cir. 2024) (en banc). Importantly, subsequent to Range I and Range II, the Third Circuit Court of Appeals held that Section 922(g)(1) is constitutional as applied to "convicts on parole or probation" at the time of the firearm possession. United States v. Quailes, 126 F.4th 215, 222–23 (3d Cir. 2025). Citing Founding-Era forfeiture laws, the Court reasoned, at the second step of the Bruen analysis,[1] that "Section 922(g)(1), insofar as it prohibits felons who are completing their criminal sentences from possessing firearms, 'fits neatly within' the principles underlying the Second Amendment." Id. at 224; *see also* United States v. Moore, 111 F.4th 266, 273 & n.3 (3d Cir. 2024) (same).

Here, as in Quailes, Defendant was serving a state probationary sentence at the time of his arrest in the instant case. *See* Gov't Br. Opp. at 6 n.1 (providing state court docket

---

[1] At the first step of the Bruen analysis, the Court of Appeals concluded that parolees and probationers, as adult citizens, are among "the people" presumptively protected by the Second Amendment and that Section 922(g)(1) punishes "quintessential Second Amendment conduct" – possession of a firearm. Quailes, 126 F.4th at 220-21 (citations omitted).

information); *see also* Doc. 47 (Pre-Plea Investigation Report). Accordingly, pursuant to the cited binding precedent, his as-applied challenge to Section 922(g)(1) is without merit.[2]

Given that the Court rejects Defendant's as-applied challenge to Section 922(g)(1), his facial challenge likewise fails because "he cannot 'establish that no set of circumstances exists under which the Act would be valid.'" Moore, 111 F.4th at 273 n.5 (quoting United States v. Rahimi, 602 U.S. 680, 693 (2024)). Defendant's alternative "void-for-vagueness" argument similarly lacks merit. *See* United States v. Griffey, 2:23-cr-66, 2025 WL 756452, at *2 (W.D. Pa. Mar. 10, 2025) (citing cases).

Finally, Defendant's pending Motion for Government Agents and Local Law Enforcement Officers to Retain Rough Notes and Case-Related Communications (Doc. 32) is unopposed, and, therefore, will be granted. The Government agrees to preserve such notes and communications, and already has instructed the local law enforcement officers to do so, with the caveat that the United States had no control over the retention of local investigation notes prior to the filing of federal charges. *See* Gov't Resp. (Doc. 44) at 1.

---

[2] Because the precedents set forth in Moore and Quailes preclude Defendant's as-applied challenge, the Court need not address the parties' remaining arguments on this issue. In the interest of completeness, however, the Court additionally notes that the crime addressed in Range is clearly and facially distinguishable from the ones here. *Compare* Range II, 124 F.4th at 232 (addressing the state crime of making a false statement to obtain food stamps, as-applied to that defendant) *with* Govt. Br. Opp. (Doc. 41) at 12-13 (summarizing the prohibitions on Defendant's possession of a firearm, including prior felony convictions for theft by unlawful taking, and possession with intent to deliver a controlled substance; noting that the latter offense involved a controlled buy during which Defendant, a passenger in the target vehicle, pulled the drugs away from the undercover officer, causing the officer to lean in to the vehicle and become trapped as the driver accelerated away; physical force ultimately was used to remove Defendant from that vehicle, and officers recovered a 9mm semiautomatic handgun from the vehicle's glove compartment).

For all of these reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss the Indictment (Doc. 39) is **DENIED.**

It is **FURTHER ORDERED** that Defendant's Motion for Government Agents and Local Law Enforcement Officers to Retain Rough Notes and Case-Related Communications (Doc. 32) is **GRANTED**. The Government, and all members of the prosecution team, including but not limited to federal, state, and local law enforcement, and any other law enforcement officers involved in the investigation and prosecution of the above-captioned case, shall retain all rough notes, writings, and substantive case-related communications made during the investigation and prosecution of this case.

This case otherwise being trial-ready, the Court will schedule a two-day jury trial, to commence on **April 21, 2025**. Contemporaneously herewith, the Court will enter a Final Pretrial Order setting forth relevant deadlines and instructions.

IT IS SO ORDERED.

March 12, 2025                                         s/Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record